UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RONNIE RANDALL,               )
                              )
        Petitioner,            )
                              )
v.                            )    No.:    1:16-CV-522-CLC
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )

## **MEMORANDUM**

Federal inmate Ronnie Randall has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a motion to amend the original petition to add additional claims. Respondent has filed a response in opposition to the original petition. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Randall's § 2255 motion and motion to amend will be denied.

**I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 2003, Randall pleaded guilty and was convicted of committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951, using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), carjacking in violation of 18 U.SC. § 2119, and two counts of armed bank robbery in violation of 18 U.S.C. § 2113 (Doc. 51 in No. 1:03-CR-246). Randall was sentenced to an aggregate term of 241 months' imprisonment and five years' supervised release (*id.*). Randall

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

appealed from that decision, and his case was remanded for consideration in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) (Doc. 58 in No. 1:03-CR-246). On remand, this Court found Randall's initial sentence appropriate, and he was resentenced to a term of 241 months' imprisonment and five years' supervised release (Doc. 69 in No. 1:03-CR-246). Aggrieved, Randall again appealed, and in 2007, the United States Court of Appeals for the Sixth Circuit affirmed Randall's convictions and sentences (Doc. 80 in No. 1:03-CR-246).

Randall subsequently filed several unsuccessful motions for appointment of counsel and sentence reductions (*see* Docs. 88, 91, 96, 96, 99, 100, and 101 in No. 1:03-CR-246). Thereafter, on or about May 31, 2016, Randall filed the instant motion challenging his § 924(c) convictions in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA") (Doc. 1). *Johnson*, 135 S. Ct. at 2563. Respondent was ordered to respond to Randall's allegations, and Respondent filed its response on July 11, 2016 (Docs. 2, 3). More than two years later, on or about September 20, 2018, Randall filed a motion to amend his § 2255 petition seeking to add additional claims (Doc. 5).[2]

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[2] Randall's motion to amend was originally filed in the Court of Appeals for the Sixth Circuit as an application for authorization to file a successive petition (*See* Doc. 6). The Sixth Circuit denied the motion as unnecessary and transferred the matter to this Court with instructions to treat the motion as a motion to amend Randall's pending § 2255 motion (*id.*).

Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

**III.     *JOHNSON*-BASED CHALLENGE**

In his original motion for § 2255 relief, Randall claims that the reasoning of *Johnson* also invalidated the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) convictions (Doc. 1). The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563.

Under 18 U.S.C. § 924(c), the statutory provision Randall challenges, it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Court finds that the Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B), noting, in part, that the residual clause of § 924(c) is limited to use of physical force "in the course of" committing the offense.

3

*United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Accordingly, Randall's claim that he is entitled to relief from his § 924(c) convictions under the reasoning of *Johnson* is without merit.

Moreover, because the Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, *Johnson* has no application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, even if *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Randall's conviction would nonetheless be valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threated force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened use of such force. 18 U.S.C. § 1951(b)(1); *see also, e.g., In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) (finding Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-force clause in 18 U.S.C. § 924(c)(3)(A)). Accordingly, the Supreme Court's holding in *Johnson* does not provide Randall with a basis on which to challenge the validity of his convictions.

## IV. MOTION TO AMEND

### A. Timeliness

On or about September 20, 2018, Randall filed a motion seeking to amend his § 2255 motion to add new claims that he received the ineffective assistance of counsel, that he was improperly charged under § 924(c) as an aider and abettor, and that he was denied due process when he was sentenced for his co-defendants' conduct (*see* Doc. 5).

A one-year limitation period applies to § 2255 motions, and that period runs from the

latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The claims Randall seeks to raise through his amended petition are independent of his *Johnson*-based claims and could have been brought on collateral attack after his appeal was rejected by the Sixth Circuit on January 23, 2007 (Doc. 80 in No. 1:03-CR-246). Randall did not file a petition for writ of certiorari in the United States Supreme Court. Therefore, his conviction became "final" for § 2255 purposes upon expiration of the 90-day period to petition the Supreme Court for certiorari—approximately April 23, 2007. *See* S. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). Accordingly, there is no question that Randall's 2018 motion to amend was not filed within the one-year deadline.

Even if it is arguable that Randall's newly-asserted claims could have been properly raised at the time Randall brought his initial *Johnson*-based challenge in 2016, the Court notes that the motion to amend was not filed until 2018, more than two years after the initial § 2255 motion was filed, and therefore, outside of the one-year deadline. Amendments made after the statute of limitations has run relate back to the original pleading under Federal Rule of Civil Procedure 15(c)(1)(B) if the amended pleading "arose out of the [same] conduct, transaction, or occurrence"

5

as that of the original pleading. Fed. R. Civ. P. 15(c)(1)(B). However, "[a] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Clark*, 637 F. App'x 206, 208–09 (6th Cir. 2016) (citation omitted). Randall's claims asserting due process violations and ineffective assistance of counsel based on his co-defendant's conduct are new claims unrelated to his original claim that he is entitled to relief under *Johnson*, and therefore, he cannot argue that his amendment is timely because it relates to his original claims.

Randall otherwise claims that he is entitled to review of at least some of the claims in his amended petition, as under *Sessions v. Diamaya*, the Supreme Court issued a new rule finding the residual clause of 18 U.S.C. § 16(b) unconstitutionally vague. *Sessions v. Diamaya*, 128 S. Ct. 1204 (2018). The Court find this argument unpersuasive, as Randall was not sentenced under § 16(b). Accordingly, Randall's motion to amend is untimely and will be denied.

**B.     Merits**

Out of an abundance of caution, the Court also finds that the merits of the proposed amended claims would fail to offer a basis for § 2255 relief. First, Randall cannot legitimately claim that he was unaware of the charges he was facing such that his due process rights were violated. The Superseding Indictment in this cause clearly informed Randall of the charges, and Randall entered his guilty plea only after confirming his guilt of the recited charges and affirming the accuracy of the material factual basis that was read at his change of plea hearing (*see* Doc. 39 & Doc. 40 in No. 1:03-CR-246). Moreover, as the Court has already determined, Randall was properly sentenced under § 924(c), and therefore, his arguments that his sentence was illegal and that counsel rendered ineffective assistance in allowing him to plead to those charges, fail to warrant § 2255 relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing petitioner seeking to establish violation of Sixth Amendment right to counsel must show that his

6

attorney's performance was deficient, and that the deficient performance prejudiced the defense) *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims).

Finally, the Court notes that the thrust of Randall's proposed amended claims is that because his co-defendant admitted to discharging the weapon during the offense, he was improperly charged as an aider and abettor and should have been charged, at most, with possession of a firearm.

Section 924(c) contains a five-year mandatory minimum sentence for any violation of the statute, but the minimum term is increased to ten years if the firearm was discharged. *See* 18 U.S.C. § 924(c)(l)(A)(i)-(iii). The Supreme Court has held that an "active participant" in a crime "has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun. In such a case, the accomplice has decided to join in the criminal venture, and share in its benefits, with full awareness of its scope—that the plan calls not just for a [crime], but for an armed one." *Rosemond v. United States*, 572 U.S. 65, 77–78 (2014). Under federal law, an aider and abettor is "punishable as a principal." 18 U.S.C. §2(a).

Therefore, it makes no difference that his co-defendant discharged the weapon; Randall was an active participant in the armed crimes. Accordingly, there was no error in the fact that he was punished as a principal for his participation in the offenses despite his co-defendant's admission, nor was counsel ineffective for allowing him to plead to the factually and legally supported charges. *See Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (holding counsel is not constitutionally ineffective for not pursuing meritless claims); *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (holding an attorney is not ineffective for failing to raise a meritless issue). Randall's motion to amend will be denied.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Randall must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Randall has failed to establish any basis upon which § 2255 relief could be granted, and his motion (Doc. 1) and subsequent motion to amend (Doc. 5) will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

                                                      _____
                                                      **CURTIS L. COLLIER**
                                                      **UNITED STATES DISTRICT JUDGE**